**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| United States of America, | ) | CR 99-734-PHX-RGS |
| Plaintiff/Respondent, | ) ) | CV 05-945-PHX-RGS |
| | ) | **ORDER** |
| vs. | ) ) | |
| Carlos Garcia-Mesa, | ) ) | |
| Defendant/Movant. | ) ) | |
| | ) ) | |
| | ) | |

Movant, Carlos Garcia-Mesa, presently confined at the United States Penitentiary in Florence, Colorado, filed a *pro se* Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 on March 22, 2005.  [Doc. # 529]  The Government filed a Response on June 6, 2005 [Doc. # 551], and Movant filed a Response to Government's Opposition on June 27, 2005 [Doc. # 557].  On March 30, 2006, Magistrate Judge Edward C. Voss issued a Report and Recommendation recommending that the motion be denied.  [Doc. # 580]  In a motion dated April 7, 2006, Movant requested an extension of time to prepare his objections to the Report and Recommendation. [Doc. # 582]  In an April 24, 2006 Order, the Court granted Movant an additional thirty days in which to file said objections.  [Doc. # 583]  A review of the record shows that Movant failed to file any objections within this period of time.  However, in an untitled document dated April 9, 2006, Movant requested that the Court "accept this petition also as the objections to the Magistrate's Recommendations."

1 [Doc. # 581]  Accordingly, the Court has reviewed the entire record, including Movant's
2 objections set forth in his April 9, 2006 pleading.  For the reasons set forth below, the Court
3 will adopt the Report and Recommendation and deny Movant's § 2255 motion.

4 **I.       BACKGROUND**

5        On June 15, 2001, the Court entered judgment and sentenced Movant to life
6 imprisonment, plus 235 years and terms of supervised release following jury convictions for
7 thirty-seven felony offenses, including conspiracy, hostage-taking, transporting and
8 harboring illegal aliens, interstate communications, and possession or use of a firearm during
9 a crime of violence.  [Doc. # 390]  Movant filed a direct appeal which was consolidated with
10 those of his co-defendants.  On October 9, 2003, the Ninth Circuit Court of Appeals affirmed
11 Movant's convictions and sentences.  *United States v. Torres-Espinoza, et al.*, 78 Fed. Appx.
12 563 (9th Cir. 2003).

13        Thereafter, one of Movant's co-defendants filed a petition for panel rehearing and
14 petition for rehearing en banc on November 3, 2003, which was denied by the Ninth Circuit
15 on December 4, 2003.  Movant did not file a petition for writ of certiorari to the United States
16 Supreme Court.  On March 22, 2005, Movant filed the instant motion.  Movant alleges three
17 grounds for relief:  (1) that he was denied the right to consult with the Mexican Consulate
18 after his arrest; (2) that his conviction and sentence are the product of ineffective assistance
19 from his trial counsel; and (3) that he was denied effective assistance of counsel on his direct
20 appeal.

21 **II.      DISCUSSION**

22        The government contends in its response that the petition is untimely and must
23 therefore be denied.  The government argues that Movant filed his petition more than one
24 year after the judgment of conviction became final.  Although Movant acknowledges this
25 argument in his reply, he presents nothing to contest the argument.

26        A federal prisoner's petition for relief under § 2255 is subject to a one-year statute of
27 limitations that generally runs from "the date on which the judgment of conviction becomes
28 final."  28 U.S.C. § 2255.  "[A] judgment of conviction becomes final when the time expires

1    for filing a petition for certiorari contesting the appellate court's affirmation of the

2    conviction." *Clay v. United States*, 537 U.S. 522, 525 (2003). A petition for certiorari must

3    be filed within ninety days after the judgment or order to be reviewed. Sup. Ct. R. 13.

4    However, if a timely petition for rehearing is filed in the lower court by any party, the time

5    to file the petition for certiorari runs from the date of the denial of the petition for rehearing.

6    *Id*. This applies to all parties, whether or not they requested rehearing or joined the petition

7    for rehearing. *Id*.

8         In the present case, the Ninth Circuit issued its decision affirming the convictions and

9    sentences on October 9, 2003. However, the Ninth Circuit docket reflects that co-defendant

10   Ricardo Torres-Espinoza filed a timely petition for rehearing on November 3, 2003, which

11   was denied by the Ninth Circuit on December 4, 2003. Movant did not file a petition for writ

12   of certiorari after the petition for rehearing was denied. Accordingly, for statute of

13   limitations purposes, Movant's judgment of conviction became final on March 3, 2004,

14   ninety days after the petition for rehearing was denied. Movant was required to file his §

15   2255 petition within one year of that date.

16        Movant filed his petition on March 22, 2005, nearly three weeks after the limitations

17   period expired. As the Magistrate Judge explained in the Report and Recommendation, the

18   evidence in the record clearly demonstrates that Movant filed his petition after the statute of

19   limitations expired, and Movant has presented nothing in his pleadings to contest that

20   conclusion.

21        The Court has considered the objections raised by Movant in his April 9, 2006

22   pleading. Movant argues that "he should not be held to the provisions that are set forth in

23   the AEDPA's one year time limitation." The Court finds Movant's arguments unpersuasive.

24        On September 4, 2007, nearly one and one-half years after Movant filed his

25   objections, Movant filed two documents entitled "Petition to Have the May 8, 2004, on the

26   Certificate Operate as the Date Mesa Filed Under 28 U.S.C. § 2255" [Doc. # 603] and "Mesa

27   Petition's Judge Strand Under Fed. R. Civ. Proc. Rule 60(b)(6)" [Doc. # 604]. The

28   government filed a response on September 17, 2007. [Doc. # 605] In these untimely

1  pleadings, which are not contemplated under the rules governing § 2255 motions, Mesa
2  offers an explanation for his failure to file within the statute of limitations, presumably in an
3  attempt to claim that equitable tolling should apply in this case.

4        "AEDPA's statute of limitations provision is subject to equitable tolling." *Corjasso*
5  *v. Ayers*, 278 F.3d 874, 877 (9th Cir. 2002).  However, as a general rule, equitable tolling is
6  not available in most cases and may be applied only when "extraordinary circumstances
7  beyond a prisoner's control make it impossible to file a petition on time." *Miles v. Prunty*,
8  187 F.3d 1104, 1107 (9th Cir. 1999).  Mesa claims, for the first time, that he initially filed his
9  petition on May 8, 2004, but "the court never responded."  He claims that he mailed a second
10  petition in August 2004, "which after several months was returned for failing to sign the
11  petition," and that he "signed it and re-mailed the petition on March 22, 2005."  As evidence
12  to support his argument that the Court was responsible for his untimely filing, he points to
13  the Certificate of Service that is attached to the back of his untimely § 2255 motion that was
14  filed on March 28, 2005.  [Doc. # 529]  On this Certificate, Movant has typed the following
15  statement: "Superseding filing, Motion under Title 28 U.S.C. 2255.  First attempted filing
16  was May 8, 2004 with no response from Court."[1]  Movant argues that this unverified
17  statement demonstrates that he indeed filed within the statute of limitations and, but for the
18  Court's alleged lack of response, his motion would have been timely.  Movant requests the
19  Court to accept the May 8, 2004 alleged attempted filing date as the actual date of filing.

20        Movant's arguments are unavailing for two reasons.  First, it is the policy of the Clerk
21  of the Court to docket all motions received in that office, even if they are deficient.  (*See,*
22  *e.g.,* co-defendant Andres Espinoza-Torres' unsigned Motion to Vacate, Set Aside, or
23  Correct Sentence pursuant to 28 U.S.C. § 2255 [Doc. # 501] and the Court's subsequent
24  order allowing that defendant "30 days to file a completed and signed Certificate (as
25  attached)" [Doc. # 504] ).  A review of the docket in this case fails to show that Movant filed
26  a § 2255 petition in either May or August, 2004, as he claims.

27  _____

28        [1]  Movant makes no mention of the alleged August 2004 filing in this statement.

1    Second, Movant's own pleadings belie his assertion that he attempted to file his §

2    2255 motion on May 8, 2004.  A review of the record demonstrates that on May 7, 2004, one

3    day prior to Movant's alleged attempted filing, Movant sought materials in order to file a §

4    2255 motion.  *See* Movant's Motion for Leave to Proceed in Forma Pauperis Pursuant to 28

5    U.S.C. § 1915 to Defer Cost for Providing Copy of Trial Transcript for Purposes of Filing

6    for Relief Pursuant to 28 U.S.C. § 2255 [Doc. # 493].  On June 21, 2004, the Court denied

7    said motion and directed the Clerk of the Court to provide Movant with a court-approved

8    form for filing a § 2255 motion. [Doc. # 494]  On December 14, 2004, seven months after

9    Movant alleges he attempted to file his motion, Movant filed a Motion for Enlargement of

10   Time for Good Cause.  [Doc. # 508]  In its Order denying Movant's motion, the Court noted

11   that Movant had not yet filed a § 2255 petition. [Doc. # 523].  Accordingly, Movant has

12   failed to demonstrate that he attempted to file a § 2255 motion on any occasion prior to his

13   filing on March 22, 2005, as reflected on the Court's docket at Docket # 529.  Equitable

14   tolling, therefore, does not apply here, and the petition is untimely.

15   **III.   CONCLUSION**

16   Based on the foregoing,

17   **IT IS ORDERED** adopting the Report and Recommendation of the Magistrate Judge.

18   [Doc. # 580]

19   **IT IS FURTHER ORDERED** denying Movant's Motion to Vacate, Set Aside, or

20   Correct Sentence Pursuant to 28 U.S.C. § 2255.  [Doc. # 529]

21   **IT IS FURTHER ORDERED** denying Movant's Petition to Have the May 8, 2004,

22   on the Certificate Operate as the Date Mesa Filed Under 28 U.S.C. § 2255.  [Doc. # 603]

23   / / /

24   / / /

25

26

27

28

1    **IT IS FURTHER ORDERED** denying Movant's Mesa Petition's Judge Strand

2    Under Fed. R. Civ. Proc. Rule 60(b)(6).  [Doc. # 604]

3    **IT IS FURTHER ORDERED** directing the Clerk of the Court to enter judgment in

4    accordance with this order.

5

6    DATED this 18th day of September, 2007.

7

8

9

10    _____
      Roger G. Strand
      Senior United States District Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28